UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD SCOTT,

    Plaintiff,

v.                                        Case No.  8:21-cv-1255-WFJ-AAS

RICK WELLS and MANATEE
COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's civil rights complaint (Doc. 1), filed under 42 U.S.C. § 1983. Because Plaintiff has failed to adequately set forth his claims, he must amend his complaint if he desires to proceed in this case.

Plaintiff sues Sheriff Rick Wells and the Manatee County Sheriff's Office in connection with the recent environmental emergency at Piney Point. He claims that the Piney Point flood evacuation zone in Manatee County was under a mandatory evacuation order, but that Sheriff Wells moved only 245 of 1066 inmates to another facility. In the event of a breach at Piney Point, Plaintiff and the remaining inmates were left "in danger of radioactive chemical[s]" and twenty-foot waves flooding the

jail.  Plaintiff also claims that he was "denied medical care."  He seeks injunctive relief and monetary damages.

First, to state a viable section 1983 claim, a complaint must allege that the defendant being sued is subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  "Sheriff's departments and police departments are not usually considered legal entities subject to suit, . . . [and the] capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Id. (quoting Fed. R. Civ. P. 17(b)).  Here, Plaintiff sues the Manatee County Sheriff's Office. Under Florida law, municipalities have the capacity to be sued, but police departments do not. *See Fla. City Police Dep't v. Corcoran,* 661 So. 2d 409, 410 (Fla. 3d DCA 1995).  Because the Manatee County Sheriff's Office is not a legal entity amenable to suit, Plaintiff's claims against the Manatee County Sheriff's Office are dismissed.

Second, Plaintiff's allegations do not state a claim for relief.  Plaintiff does not describe how the actions of any defendant caused him harm or resulted in a constitutional violation.  Plaintiff's allegations imply a claim for failure to protect under the Eighth Amendment. To state such a claim, Plaintiff must first demonstrate "an objectively substantial risk of serious harm to prisoners." *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1028-29 (11th Cir. 2001), *abrogated on other grounds* by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).  Then, he must show that a

defendant was deliberately indifferent to that risk, which requires that he allege the following: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013) (quoting *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010)).  Plaintiff's brief claims that he could have been subject to radioactive chemicals and twenty feet of waves do not satisfy this standard. *See, e.g.*, *Johnson v. Wilcher*, No. CV-417-192, 2018 WL 1177937, at *2 (S.D. Ga. Jan. 2, 2018) (quoting *Campbell v. Sikes*, 169 F.3d 1353, 1362 (11th Cir. 1999)) (explaining that "the Eighth Amendment does not authorize judicial reconsideration of 'every governmental action affecting the interests or well-being of a prisoner,' " and dismissing the complaint where the plaintiff failed to allege how he was endangered or harmed by the sheriff's decision not to evacuate prisoners during Hurricane Irma when it "skirted the coastline and failed to endanger him at all.").

Second, Plaintiff claims he was denied medical care.  To state such a claim, Plaintiff "must [first] set forth evidence of an objectively serious medical need. Second, [he] must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To establish the requisite deliberate indifference, Plaintiff must prove the defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of

that risk; (3) by conduct that is more than [gross] negligence." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). Plaintiff's one sentence claim that he was denied medical care fails to allege any specific medical need, let alone one that is objectively serious.

Finally, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." The section applies to all federal civil actions. *See Harris v. Garner (Harris II)*, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc), but does not preclude a prisoner "from recovering nominal damages for a constitutional violation without a showing of physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307–08 (11th Cir. 2015). As Plaintiff has not alleged a physical injury, his claim for damages is dismissed.

Accordingly, it is **ORDERED** that;

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**. If Plaintiff desires to proceed in this case, he must amend his complaint **within THIRTY (30) DAYS** from the date of this Order.

    a. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action; it

    may not refer back to or incorporate the original complaint. The amended complaint supersedes the original complaints, and all claims must be raised in the amended complaint.

    b. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

2. The Clerk must mail to Plaintiff a copy of the standard prisoner civil rights complaint form.

    **DONE** and **ORDERED** in Tampa, Florida on October 15, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE